**UNITED STATES of America,
Plaintiff—Appellee,**

**v.**

**Charles VONLEWIS, Defendant—
Appellant.**

**No. 04–10345.
D.C. No. CR–03–00333–HDM.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 17, 2005.

Decided Dec. 1, 2005.

William R. Reed, Esq., USLV—Office of the U.S. Attorney, Las Vegas, NV, for Plaintiff–Appellee.

Arthur L. Allen, Esq., FPDNV—Federal Public Defender's Office (Las Vegas), Las Vegas, NV, for Defendant–Appellant.

Before TALLMAN, BYBEE, and BEA, Circuit Judges.

### MEMORANDUM *

Charles VonLewis appeals the district court's judgment finding him guilty of be-

ing a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), following a jury trial. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm the conviction. We remand consideration of VonLewis's sentence to the district court, pursuant to *United States v. Ameline,* 409 F.3d 1073, 1084–85 (9th Cir.2005) (en banc).

### I. Standard of Review

■ Because VonLewis failed to raise any of his objections at trial, we review for plain error. VonLewis also failed to raise any objections to his sentence. In fact, VonLewis admitted that there were no factual errors in the Presentence Investigation Report ("PSR") at the hearing and stated he had no objections to the PSR's calculation of the sentencing range under the Sentencing Guidelines.

A defendant seeking relief under the plain error standard must show there is (1) error that; (2) is plain; (3) affects his substantial rights; and (4) "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Cotton,* 535 U.S. 625, 631, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002) (quoting *Johnson v. United States,* 520 U.S. 461, 466–67, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997)). To show that the error affected his substantial rights, the defendant must "satisfy the judgment of the reviewing court, informed by the entire record, that the probability of a different result is sufficient to undermine confidence in the outcome of the proceeding." *United States v. Dominguez Benitez,* 542 U.S. 74, 124 S.Ct. 2333, 2340, 159 L.Ed.2d 157 (2004) (internal quotation marks omitted).

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

## II. Testimony that the Firearm Was Stolen Did Not Prejudice VonLewis's Substantial Rights

■ VonLewis argues Officer Collmar's testimony that the firearm VonLewis possessed was stolen unfairly prejudiced his trial and amounted to plain error because he was not charged with theft. VonLewis has not proven this testimony affected the outcome of his trial such that the probability of a different result is sufficient to undermine confidence in the outcome of the proceeding.

The evidence of VonLewis's guilt on the possession charge was overwhelming given the unrebutted testimony of Officer Collmar that (1) he and Officer Prager found VonLewis in the stairwell; (2) VonLewis had a concealed firearm in the waistband of his pants; and (3) after he was arrested, VonLewis admitted to possessing the firearm and said he was waiting to sell it to someone.[1] Therefore, VonLewis has failed to meet the third prong of the plain error test and his conviction is affirmed.

■ Further, we do not find that the trial judge's instruction to the jury was improper, as VonLewis contends. The jury is presumed to have followed the judge's limiting instruction and considered the evidence only as evidence of VonLewis's knowledge or intent that he possessed the firearm. *United States v. Mende*, 43 F.3d 1298, 1302 (9th Cir.1995) (presuming a jury followed a judge's cautionary instruction and considered evidence that was prejudicial to appellant only with regard to appellant's co-defendants' knowledge of his activities).

## III. *Booker* Error

VonLewis argues the trial court's sentence violates his Sixth Amendment right to a jury trial because the trial court enhanced his sentenced based on the court's finding that (1) VonLewis had prior convictions; (2) VonLewis's criminal history is Category VI under the federal Sentencing Guidelines; and (3) the firearm was stolen.

■ The Sixth Amendment does not require the government to prove prior convictions to a jury beyond a reasonable doubt. "Any fact (*other than a prior conviction*) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 756, 160 L.Ed.2d 621 (2005) (Stevens, J.) (emphasis added).

■ Determining VonLewis's criminal history category was a matter of statutory interpretation that also depended on his prior convictions. The judge did not rely upon the many other arrests listed in the PSR that did not result in a conviction. Therefore this finding also does not pose a Sixth Amendment error.

Under *Booker*, the Sentencing Guidelines are now advisory, and not mandatory, as they were thought to be when the trial court sentenced VonLewis. As such, the Guidelines are recommendations, and "the selection of particular sentences in response to differing sets of facts ... would not implicate the Sixth Amendment." *Booker*, 125 S.Ct. at 750. The trial judge may select a specific sentence within the statutory range using facts the judge deems relevant, and the defendant does not have a right to jury determination of those facts. *Id.*

■ Under this advisory system, a trial judge may exercise discretion in determining a sentence, as long as it is within the statutory maximum and is otherwise rea-

---

1. VonLewis stipulated he had previously been convicted of a felony.

sonable, considering the now-advisory Guidelines and applying the statutory factors under 18 U.S.C. § 924(a)(2). *See Booker*, 125 S.Ct. at 750, 767. In this case, the sentencing judge could consider whether or not the gun in VonLewis's possession was stolen in fashioning a reasonable sentence. The 120–month sentence is within the Guidelines range regardless of whether the gun was stolen, and is also within the statutory maximum of 10 years. U.S.S.G. Sentencing Table, Ch. 5, Pt. A; 18 U.S.C. § 924(a)(2).

However, the court may have sentenced VonLewis to less than 120 months had it known that the Sentencing Guidelines were advisory. Therefore, VonLewis's sentence is remanded to the district court to consider whether "the sentence imposed would have differed materially if the district court judge were applying the Guidelines as advisory rather than mandatory...." *United States v. Ameline*, 409 F.3d at 1084–85; *United States v. Moreno–Hernandez*, 419 F.3d 906, 916 (9th Cir. 2005) ("We conclude that defendants are entitled to limited remands in *all* pending direct criminal appeals involving unpreserved *Booker* error, whether constitutional or nonconstitutional."). If the district judge finds that he would have imposed a materially different sentence, he should vacate VonLewis's current sentence and impose a new sentence. *Moreno–Hernandez*, 419 F.3d at 916. Conviction AFFIRMED; Sentence REMANDED.